**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 04 2014, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RONALD S. LANGACKER**
Langacker Law, Ltd.
Urbana, Illinois

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES B. WYNNE,                                     )
                                                   )
    Appellant,                                     )
                                                   )
        vs.                                    )     No. 93A02-1306-EX-536
                                                   )
REVIEW BOARD OF THE INDIANA                        )
DEPARTMENT OF WORKFORCE                             )
DEVELOPMENT and THYSSENKRUPP PRESTA,  )
                                                   )
    Appellees.                                     )

APPEAL FROM REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 13-R-1728

**February 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

James B. Wynne appeals the decision of the Review Board of the Department of Workforce Development ("Review Board") in favor of ThyssenKrupp Presta ("TKP") on his claim for unemployment benefits. Wynne presents a single issue for our review, namely, whether the evidence supports the finding of the Administrative Law Judge ("ALJ"), as adopted by the Review Board, that Wynne voluntarily left his employment without good cause. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Wynne worked for TKP from September 19, 2011, until October 17, 2012, as a material handler. Wynne's position was a full-time position that paid him $13.00 per hour. TKP's policies restricted the number of days an employee could be absent from or tardy to work. An employee would receive warnings prior to discharge, but the employee could present a doctor's note to excuse any absences or tardiness.

Wynne was absent from work from October 12, 2012, until October 17, 2012. On October 17, Wynne arrived at work and met with James Whitaker, his supervisor. Whitaker told Wynne that Wynne was above the allowable absences and that "we needed to go to HR." Transcript at 19. Wynne then gave Whitaker a dentist's note for his absences, and Wynne refused to go to human resources.

Whitaker took the note to human resources on Wynne's behalf and met with Ashley Powell. Based on Wynne's absenteeism, Powell had already drafted a "Progressive Disciplinary Action Form" that recommended terminating Wynne's employment. Id. at 58. However, Powell never presented that form to Wynne and, at that point, no "decision to discharge Mr. Wynne had been made." Id. at 15. When

Whitaker showed Powell Wynne's dentist's note, Powell instructed Whitaker to bring Wynne to her so they could discuss his absences with him "and give him the opportunity [to explain] why he's been absent from work." Id.

Whitaker located Wynne and informed him that he had to fill out some paperwork and then go to human resources. Wynne refused and, instead, "left the premises." Id. at 19. Whitaker did not have the authority to terminate Wynne's employment and later testified that he "never . . . told him that he was terminated." Id.

Wynne filed a claim for unemployment benefits with the Department of Workforce Development. On November 27, 2012, a claims deputy initially found that Wynne had been discharged without just cause and was eligible for unemployment insurance benefits. However, after a fact-finding hearing, on April 26, 2013, the ALJ reversed the claims deputy's decision and concluded that Wynne had voluntarily left his employment without good cause. In particular, the ALJ concluded that "[a] reasonable person would not quit their employment under these circumstances. . . . A reasonable person would have waited and gone to human resources to discuss the excuse prior to quitting." Id. at 91. Wynne appealed the ALJ's decision to the Review Board, which adopted and affirmed the ALJ's decision. This appeal ensued.

## DISCUSSION AND DECISION

Wynne appeals the ALJ's finding that he voluntarily terminated his own employment without good cause. As we have explained:

> The question of whether an employee voluntarily terminated employment without good cause is a question of fact to be determined by the Board. This court will not reweigh the evidence but will consider only the evidence that supports the Board's decision. We will reverse only if reasonable persons would be bound to reach a conclusion opposite that of the Board.

3

> The claimant has the burden of establishing that the voluntary termination of employment was for good cause. The claimant must show that (1) the reasons for abandoning employment were such as to impel a reasonably prudent person to terminate employment under the same or similar circumstances, and (2) the reasons are objectively related to the employment.

Indianapolis Osteopathic Hosp., Inc. v. Jones, 669 N.E.2d 431, 433 (Ind. Ct. App. 1996) (citations omitted).

Wynne's argument on appeal is premised on his own testimony before the ALJ, in which Wynne stated that Whitaker had told him he was being terminated and that Wynne needed to hand over his forklift key. But Wynne's testimony is contradicted by Whitaker, who testified that he never told Wynne that he was being terminated, as well as the fact that Whitaker had no authority to terminate Wynne's employment. Wynne's reliance on the Progressive Discipline Action Form is also misplaced, as Powell testified that that form was not a final decision and that Wynne was given the opportunity to explain that his absences were consistent with excused absences under TKP's policies.

In essence, Wynne's argument on appeal is merely a request for this court to reweigh the evidence and ignore the evidence relied on by the Review Board. We will not do so. See id. Wynne has failed to meet his burden to show that his voluntary termination of his employment was for good cause. As the ALJ concluded, a reasonably prudent person would not have been impelled to terminate his employment under the same or similar circumstances. See id. The Review Board's judgment is affirmed.

Affirmed.

BAKER, J., and CRONE, J., concur.